## CIRCUIT COURT OF FREDERICK COUNTY

Cooper

    v.

Cooper

April 19, 1984

Case No. (Chancery) 6943

By JUDGE ROBERT K. WOLTZ

In this divorce case the complainant wife seeks among other things to have the family residence held by the parties as tenants by the entireties conveyed to her under § 20-107.3. The defendant is a non-resident and was served with process personally out of state. He has made no appearance in person, by counsel, by pleading or otherwise.

From the evidence, taken by deposition, it appears that the wife has made virtually all payments toward purchase of the dwelling, that the husband has made very little payment towards its purchase and since the separation of the parties two or more years ago has made no payments. During that time the wife has paid on the deed of trust, paid taxes and other expenses associated with maintenance of the house and has been using it as a residence for herself and the minor child of the parties.

Section 20-107.3, the "equitable distribution" statute, is not lacking in a bountiful supply of interpretive problems. It places all property of a married couple in either one or the other of two general categories: "separate property" and "marital property." Paragraph (A)(1) lists three varieties of separate property, and (A)(2) lists two varieties of marital property, namely, "all property titled in the names of both parties" and "all other property acquired by each party during the marriage which is not separate property."

Paragraph (C), the interpretation of which is involved here, provides as follows:

> The Court shall have no authority to order the conveyance of separate property or marital property not titled in the names of both parties; however, in the final decree of divorce the court may partition marital property which is titled in the names of both parties.

The last phrase in the quote before the semi-colon gives rise to the implication that the Court is authorized to order conveyance of marital property which *is* titled in both names. Had the sentence ended there, the Court might well give effect to that implication thus authorizing an order, as the complainant requests, conveying the jointly owned residence to her.

The clause following the semi-colon raises question as to the validity of that implication. This clause at first blush appears not germane to the phrase giving rise to the implication and raises some confusion regarding it. Being mindful of the rules of construction that statutes are to be interpreted as a whole, that all portions are to be considered germane and that conflicts in meaning are to be avoided if at all possible, closer scrutiny of the quoted subsection and its relation to other portions of the section follow.

First, all types of property mentioned by the statute are covered by subsection (C), the phrases before the semi-colon covering by general designation the category separate property and the sub-category of marital property not titled in both names. The clause following the semi-colon deals with the other sub-category of marital property, that which is titled in both names. Conveyance of either of the first two types of property (presumably either to a party or to a third person) is made expressly beyond the authority of a court to do. The clause following the semi-colon deals with the final category of property and expresses nothing with regard to its conveyance but does provide for its partition. The use of "however" to introduce this clause is of significance. It is a statement that regardless of or in spite of the limitations on authority to order conveyance of separate property and the first category of marital property, no limitation

shall apply respecting partition of the second type of marital property.

Thus subsection (C) for its own purposes subdivides property of married couples into that as to which one party only and to the exclusion of the other has any legal title or ownership, and into that property to which both have legal title or ownership. The subsection makes its own categorization of the property of married couples. As in its two parts the subsection is dealing with two different types of property its provision for partition of one type seems germane to the scheme of the subsection. The second portion of the subsection dealing with one type of property is not in conflict with other provisions of the subsection dealing with an entirely different type of property. It follows that the provisions preceding the semi-colon having to do with a distinct type of property, i.e. that in which only one married partner has legal title or ownership, do not properly or logically give rise to an implication respecting the other specific type of property, i.e. that in which both parties have legal title or ownership, following the semi-colon and for which different and independent provision is made.

Consequently the express *denial* of authority to order conveyance of the first category of property raises no implication of a *grant* of such authority with respect to the second category of property, particularly as the latter category has its own independently expressed authorization, namely, partition. In this connection, as no express authority is given to order conveyance of marital property titled in both names the rule that divorce jurisdiction is purely statutory and courts are vested with no authority beyond statute should be recollected.

Refutation of any implication that the court can order transfer of marital property is further strengthened by a consideration of the statute as a whole. Its basic objective is, as stated in paragraph (D), to empower courts to grant a "monetary award," not an award in property. To authorize a court to order transfers of property would fly in the face of this intent to provide only for an award in money. Furthermore this same subsection permits conveyance of property only in one instance. That instance is to allow a party required to make a monetary award to the other party to "satisfy the award, in whole or in part, by conveyance of property, subject to the

approval of the court." This single provision allowing conveyance of property--voluntarily by a party--further negates any idea that the court has jurisdiction other-wise than to order conveyance.

For the foregoing reasons the prayer of the bill for an order conveying the marital residence to the wife is denied, but the alternate prayer for partition of that property could be granted.